UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 1:09-MJ-243A |
| | : | |
| ROBERT DURAN | : | |

**MEMORANDUM AND ORDER**

Defendant is charged with conspiring to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. On December 30, 2009, Defendant appeared with counsel before the Court for an initial appearance and preliminarily waived his right to a bail hearing pursuant to 18 U.S.C. § 3142. On March 15, 2010, Defendant filed a Motion to Set Conditions of Release. (Document No. 15). In response, a bail hearing was promptly scheduled and held on March 15, 2010.

It is undisputed that Defendant is charged with a drug trafficking offense carrying a maximum prison term of ten years or more,[1] triggering a rebuttable presumption under 18 U.S.C. § 3142(e) that no bail condition(s) would reasonably assure the appearance of the defendant as required and the safety of the community. Once the statutory presumption is triggered, a defendant may rebut it by producing evidence that he is not a risk of flight or a danger to the community. United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988). Although the ultimate burden of

---

[1] Defendant faces a five-year mandatory minimum sentence by statute if convicted. 21 U.S.C. § 841(b)(1)(B)(ii). However, because he has no criminal record, Defendant argued that he may be able to obtain sentencing relief under the so-called "safety-valve" if he meets all of the conditions. See 18 U.S.C. § 3553(f). However, one of the conditions (§ 3553(f)(4)) requires that the defendant was not an "organizer, leader, manager or supervisor of others in the offense." In this case, the Court has some valid doubt at this early stage of the case as to safety-valve eligibility in view of the evidence against Defendant contained in the Government's Affidavit supporting the Criminal Complaint in this case including his post-arrest admission that "he arranged the narcotics transaction."

persuasion remains with the Government, the presumption, even if rebutted by a defendant, remains a permissible consideration along with the other § 3142(g) factors.  Id. (noting Congress' conclusion that "generally drug traffickers pose special risks of flight").  For the reasons outlined below, Defendant has not rebutted the statutory presumption against bail in this case.

Defendant is thirty-nine years old.  He was born in New York but spent most of his childhood in Providence.  He graduated from high school and attended some college in Providence before relocating to Florida in the early 1990s.  Defendant has two former spouses each with a child of his who live in Florida.  At the time of his arrest, Defendant reports that he was working for his brother's business in Florida but residing at the same time between his girlfriend's residence in Providence and his ex-wife's residence in Florida.  He also reports that his girlfriend is several months pregnant with their child and proposes to reside with her in Providence while on bail, subject to electronic location monitoring.  Defendant's counsel also indicated that relatives may be willing to post property as bail but was unable to provide any specifics at this time.

Defendant has no prior convictions on his criminal record.  There is, however, a notation that he was arrested by the Miami Dade Police in 1997 for two counts of cocaine trafficking ("2 kilos") but that the prosecution was "abandoned."

As to the evidence, the Affidavit supporting the Criminal Complaint in this case provides as follows: Law enforcement received a tip from a confidential informant that a local drug distribution suspect (the "target") would be receiving a significant cocaine delivery.  The target was surveilled and ultimately met up with Defendant on the day of the suspected delivery.  Later that day, the two left the target's residence in Providence and Defendant "waved down" a minivan on

the street after being observed talking on his cell phone. The minivan pulled over. It had Connecticut license plates and two occupants.

The target and Defendant got into the minivan with the two occupants. Law enforcement ultimately stopped the minivan with the target driving. After obtaining consent to search from all four occupants, law enforcement officers found two, one kilogram "bricks" of cocaine hidden behind a speaker in the rear of the minivan. After his arrest, Defendant signed a Miranda rights waiver form and admitted in a recorded statement that "(1) he arranged the narcotics transaction; (2) he knew both [occupants of the minivan] by their first names; (3) he knew that they came from Connecticut with a quantity of cocaine; and (4) that they could be delivering that cocaine in Providence." (Document No. 1 at p. 9).

Although Defendant has some ties to this community, they appear to be primarily limited to his girlfriend and unborn child. He has no financial or employment ties to this District, and his two children live with their mothers in Florida where Defendant had been primarily living and working in recent years. Also, the Court has no evidence as to Defendant's girlfriend's ties to the community (whether family, financial or employment) which would reflect on her willingness to accompany Defendant if he chose to flee from prosecution.

This is a serious case involving the seizure of two kilograms of cocaine. Defendant faces a five-year mandatory minimum jail sentence, and his claimed eligibility for safety-valve consideration is far from clear at this early stage of the case. The weight of the evidence against Defendant is strong (including his post-arrest admissions). However, Defendant's counsel attempts to counter that weight by arguing that there are legal issues regarding the validity of the traffic stop which led to the seizure of the cocaine and legal issues regarding the validity of the consent to search

given by the occupants of the minivan.  In particular, Defendant's counsel pointed out the lack of written consent to search and questioned whether the Government would be able to meet its burden of proving that consent was actually given and that it was voluntary.  See United States v. Antone, 479 F. Supp. 2d 255, 260 (D.R.I. 2007).  He also argued that the seized cocaine may be subject to suppression under the Wong Sun doctrine.  Id. at 267-268 (citing Wong Sun v. United States, 371 U.S. 471 (1963)).  However, in the context of a bail hearing, "the rules concerning admissibility of evidence in criminal trials do not apply."  18 U.S.C. § 3142(f).  Thus, at least until a District Judge determines that any evidence or statements were illegally obtained in this case, such evidence may be properly considered in assessing the weight of the evidence under 18 U.S.C. § 3142(g)(2).  See United States v. Reynolds, 609 F. Supp. 2d 108, 111 (D. Me. 2009) (citing United States v. Angiulo, 755 F.2d 969, 974 (1st Cir. 1985); and United States v. Apker, 964 F.2d 742, 744 (8th Cir. 1992)).

   Accordingly, balancing all of the § 3142(g) factors, I find that Defendant has not rebutted the statutory presumption against bail in this case and conclude that there are no conditions or combination of conditions of release that could be set which would reasonably assure the safety of the community and this Defendant's appearance for future Court proceedings.  Thus, Defendant's Motion to Set Conditions of Release (Document No. 15) is DENIED.


   /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 17, 2010